In the Matter of the Petition of MATHEW URBAN, Administrator of ROBERT URBAN, Deceased, against THE TOWN OF PENDLETON, NIAGARA COUNTY, NEW YORK.

County Court, Niagara County, September 23, 1929.

*Eugene L. McCollum,* for the petitioner.

*Judson, Holley & Andrews,* for the respondent.

GOLD, J. This is a proceeding brought by petitioner under section 205 of the General Municipal Law, who claims that one Robert Urban, now deceased, was an active member of the Wendelville Fire Company, Inc.; that said company is a volunteer fire company organized pursuant to the provisions of the Membership Corporations Law, located and operating within the confines of the town of Pendleton, Niagara county; and that while performing the duties of an active volunteer fireman, said Robert Urban received injuries causing his death. Petitioner, therefore, claims that he is entitled to the sum of $3,000 under the provisions of said statute.

The statute so far as the same relates to this proceeding reads as follows, viz.: "If an active member of a volunteer fire company in any city, incorporated village or in any fire district of a town outside of an incorporated village or in any part of a town protected by a volunteer fire company incorporated under the provisions of the Membership Corporations Law, or if an active member of any duly organized volunteer fire company, dies from injuries incurred while in the performance of his duties of such fireman within one year thereafter, the city, village or town shall pay * * * the sum of three thousand dollars to the executor or administrator of such deceased volunteer fireman."

The statute further provides that "Any controversy arising at any time under the provisions of this section [Gen. Mun. Law, § 205] shall be determined by the county judge of the county in which the volunteer fire company is located and of which such volunteer fireman is a member. For that purpose, any party may present a petition to such county judge, setting forth the facts and rights which are claimed. A copy of such petition and notice of the time and place when the same will be presented shall be served on all persons interested therein, at least eight days prior to such presentation."

In the year 1923 the Wendelville Fire Company, Inc., was

organized under article V of the Membership Corporations Law.
The certificate of incorporation states the purpose and object for
which the company was formed as being " The extinguishment of
fire and the protection and preservation of property from damage
by fire in the Town of Pendleton, Niagara County, New York."

After the incorporation it adopted certain by-laws now in force.
These by-laws provide that " Any person of good character of the
age of 18 years or over may apply for membership in the company,
and if accepted by the company and approved by the Town Board
of the Town of Pendleton, such person is then a member of the
company."

The deceased was born on February 21, 1910, and his name
first appeared as a member of the company on March 1, 1926.
The last meeting he attended was in June, 1927. He never attended
a meeting after he arrived at the age of eighteen years. The
minutes show that he paid the annual dues of one dollar for the
year 1926, as required by the company, but that he did not pay
any dues after that date.

Respondent claims that decedent's name was never presented to
the town board for approval or approved by said town board.
No record of the town board with reference to the same was intro-
duced in evidence. The secretary of the company did testify as
follows: " Q. Is there any record which shows when Robert Urban
became a member of the fire company or applied for membership?
A. You mean when the name was presented to the Town Board?
Q. Yes, sir. A. It was 1926; his name was entered the same time
mine was and I received a notice as a member of the company
in April. Q. You and Robert Urban joined the company at the
same time? A. Yes, sir. Q. Did your names go in at the same
time? A. Yes, sir, they did."

At a meeting in 1927 a resolution was passed that all members
who were in arrears " be cancelled from the company." It was
the custom of the company to allow members to attend meetings
after they were suspended. Decedent was apparently called upon
to attend fires until the time of his death. His name was not
struck off the roll until after his death.

On July 1, 1928, a motor boat overturned in the Barge canal
at Wendelville, N. Y., and two persons were drowned. The chief
of the fire company learned of the accident and drove about two
miles to the scene thereof in his own automobile. After remaining
a few minutes he returned in his own car and came back with the
company's fire truck. At the time he started out with the fire
truck, he testified that he told the decedent to jump on the truck
and they went to the scene of the drowning. They were there about

ten minutes when it was decided that grappling hooks be procured from the city of North Tonawanda, N. Y., to be used in an attempt to recover the bodies. The chief of the fire company again requested the decedent to jump on, which he did, and they started for North Tonawanda with the fire truck. Two other persons were also on the fire truck at the time and they were not members of the fire company. While on their way to North Tonawanda, a collision occurred, as a result of which decedent received the injuries which caused his death.

In order to recover it is necessary for the petitioner to show that decedent was an active volunteer fireman at the time of his death and that he died from injuries incurred while in the performance of his duties as such fireman.

While the by-laws provide that any person of good character of the age of eighteen years or over may apply for membership in the company, it is apparent that in this particular case the company waived the age limitation provided in its by-laws and accepted the decedent as a member of the company. It also recognized him as a member after various members, including himself, were suspended who were in arrears for non-payment of their dues. It allowed members in arrears to attend meetings and also to vote and it would appear that the resolution that their names be canceled was more for the purpose of frightening the members into paying their dues than for the purpose of actually discharging them from the company. Decedent was called upon to attend fires until the time of his death and his name was not stricken from the roll until after his death. The company apparently felt at liberty to demand his services until the time of his untimely death and the chief testified that he was his right bower in attending fires.

However, assuming that the decedent was a member at the time of his death, can it be said that he died from injuries incurred while in the performance of his duties as such fireman? The limitation of the purpose and object of the corporation as specified in the certificate, to wit, " The extinguishment of fire and the protection and preservation of property from damage by fire in the Town of Pendleton, Niagara County, New York," apparently is very narrow. It also very clearly sets forth what can be done by members of the company and what was intended in the formation of the same. Section 10 (now section 13) of the General Corporation Law* provides as follows: " A corporation shall not possess or exercise any powers unless given by law, or necessary to the powers so given." And it has been held in *People* v. *Newton* (112 N. Y. 396) that corporate powers are to be strictly construed.

The fire chief had the power to call upon the members of the

* See Laws of 1929, chap. 650.— [Rep.

company whenever the question of the extinguishment of fire and the protection and preservation of property from damage by fire was necessary. He did not have the power to call upon its members to perform any other acts, and a member refusing to comply with his request or demand to perform any duties not specified in said certificate could not make the member subject to suspension from the company or otherwise punishable for such refusal.

The fire chief could have driven his own car to North Tonawanda for paraphernalia, as a question of extinguishment of fire, and the protection and preservation of property from damage by fire was not contemplated when the trip to North Tonawanda was begun. The question of saving life was not even involved, for the reason that the time consumed by the chief in going from his home to the scene of the accident in his own car and again returning with the fire truck, remaining there about ten minutes, after which the trip to North Tonawanda was begun, would consume so much time that there could be no possibility of life in the persons for the recovery of whose bodies this trip to North Tonawanda was made. The act of the chief and of the decedent was that of extreme kindness and thoughtfulness, but this in itself is not sufficient to allow recovery against the town.

The act of the decedent was beyond the scope and powers of the corporation in order to hold the defendant liable under section 205 of the General Municipal Law.

The petitioner's claim herein is, therefore, dismissed.